Mary TODD, Plaintiff in Error, v. Geo. W. TODD et al., Defendants in Error. (No. 300.)

(Court of Civil Appeals of Texas. Waco. Nov. 5, 1925.) Error from District Court, McLennan County; Sam R. Scott, Judge. Garrett & Sheehy, of Waco, and Lyle Saxon, of Dallas, for plaintiff in error. Johnston & Hughes, of Waco, and Pat M. Neff and Jos. W. Hale, both of Waco, for defendants in error.

GALLAGHER, C. J. This suit was instituted by plaintiff in error, Mary Todd, to recover of defendants in error, Geo. Todd and Mamie Todd, title to and possession of certain real estate situated in McLennan county, Tex. The parties will be designated as in the trial court. Defendants answered, and, among other matters set up in such answer, pleaded a compromise argeement and settlement of the issues of title to and right of possession of all the property described in plaintiff's petition. Plaintiff filed a supplemental petition, also setting up said agreement and confirming the same, and praying for judgment in accordance therewith. The case was submitted to the court, and judgment rendered in favor of plaintiff against defendants, according to the terms of said contract for title to and possession of 113 acres out of the lands described in said petition, and in favor of defendant Mamie Todd against plaintiff Mary Todd and defendant Geo. Todd for the title to and possession of the remainder of the lands described therein. The field notes of each of the several tracts awarded the respective parties were set out in detail in said judgment. Said judgment was rendered on April 27, 1925. No further proceedings were had in said court until June 22, 1925, at which time plaintiff filed her petition for writ of error, acceptance of service of the same by defendants, and writ of error bond in due form. No assignments of error

are found in the transcript. We have examined the same, and have not found any fundamental error. The judgment of the trial court is therefore affirmed.

2

U. S. FIDELITY & GUARANTY CO. et al. v. HENDERSON COUNTY et al. (No. 502–4042.)

(Commission of Appeals of Texas, Section B. Dec. 2, 1925.)

Highways �köm= 113(5)—Contractor's bond interpreted in connection with valid statute requiring bondsmen to pay for materials, though parties attributed requirement to unconstitutional act.

Road contractor's bond to perform contract covering all labor, materials, etc., required to complete work, should be interpreted in connection with Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f, so as to require bondsmen to pay for materials, though parties attributed such requirement to invalid statute (Vernon's Ann. Civ. St. Supp. 1918, art. 5623a).

On motions for rehearing. Motions overruled.

For former opinion, see 276 S. W. 203.

SPEER, J. We are perhaps in error in holding that the bond of plaintiff in error, United States Fidelity & Guaranty Company, when read in connection with the contract which it secures, guaranteed the payment for, as contradistinguished from the furnishing of, the materials used in the building of the road in question. But it is apparent we did not mean to deny the conclusion of the Court of Civil Appeals that the bond should be interpreted in connection with article 6394f of the statute (Vernon's Sayles' Ann. Civ. St. 1914). In truth, our discussion of the matter shows we thought the bond was clearly authorized and required by this article, and, the judgment of the Court of Civil Appeals being supported by this conclusion, we here now formally approve the reason as well as the decision. All parties contemplated the bondsmen should become liable for the payment of material entering into the work, for article 5623a, Vernon's Ann. Civ. St. Supp. 1918, plainly so provides. That this article is impotent within itself to impose this duty does not make futile the intention of the parties to assume such liability, where the law in reality elsewhere requires just this undertaking. That the parties mistakenly attributed this requirement to the invalid, rather than to the valid, statute can make no difference.

We have carefully considered this motion, as well as the motion for a rehearing by the other parties interveners, and recommend that all motions be overruled.